Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9158 | **DATE** | 7/10/2013 |
| **CASE TITLE** | Saunders vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendants' motions for the entry of a protective order in three cases that have been referred to Magistrate Judge Finnegan for coordinated discovery proceedings. This motion originally was filed before Judge Finnegan, but returned to this Court by agreement of the assigned judges as it involves an issue on which the Court previously has ruled and which would be subject to appeal (see Fed. R. Civ. P. 72) regardless of Judge Finnegan's ruling. For the reasons stated below, Defendants' motions **[docket number 81 in 12cv9158; docket number 52 in 12cv9170; docket number 51 in 12cv9184]** are granted; Defendants are requested to resubmit to the Court's proposed order box a single protective order that will control in all three cases with the version of paragraph 2 that they have proposed.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

---

## STATEMENT

The issue of whether complaint registers (CRs) should be subject to confidentiality provisions during the discovery process presents challenging questions under the applicable rules and pertinent public policy considerations. As the Illinois Appellate Court recently observed, the question of whether CRs may be shielded from the public during the discovery process "has been the subject of healthy debate in the federal courts." *Watkins v. McCarthy*, 980 N.E.2d 733, 745 (Ill. App. 1st Dist. 2012). As best the Court can tell, the district judges and magistrate judges of this district have been about evenly split on the question. In fact, this Court itself has been of two minds on the issue. In its earliest written rulings, the Court declined to extend the protection of a confidential designation to CRs, accepting the view expressed in some Illinois court decisions that the work of the police is inherently the public's business. Subsequently, informed both by amendments to the Illinois FOIA and developing federal case law drawing a distinction between information produced in discovery (which is presumably between the parties) and information actually used in litigation (which is presumably public, with a few recognized exceptions), the Court altered its view. See, *e.g.*, *Pierce v. City of Chicago*, 09cv1462, Minute Order [40] (N.D. Ill. Apr. 16, 2010); *Alva v. City of Chicago*, 08cv6261, Minute Order [45] (N.D. Ill. Oct. 8, 2009). On occasion, parties have asked the Court to reconsider the views expressed in *Pierce* and *Alva* based on the continuing evolution of the law in this area, and the Court has been happy to oblige. See, *e.g.*, *Holmes v. City of Chicago*, 09cv2481 Docket Entries [42, 43, 44] (N.D. Ill. Nov. 19, 2010, Jan. 26, 2011, Feb. 3, 2011).

With the benefit of very good briefs on the subject, the Court again reexamines the issue – and again reaffirms the views expressed in *Pierce*, *Alva*, and *Holmes* with the following additional observations. The Court agrees that the Illinois FOIA does not control the outcome of the motion, although the expression of public policy expressed in it is a data point worthy of some consideration. More fundamentally, the Court adheres to the view that matters produced in discovery generally are broader than the matters that come

## STATEMENT

before the Court for decision, and "[g]enerally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). That principle is consistent with the bedrock notion that the federal judicial power extends only to concrete cases or controversies, not to abstract questions of law or policy or theoretical future disputes. At the same time, because the resources of the judiciary are a public resource, the public has a vital interest in access to the information on which judges rely in disposing of cases before them. Thus, anything that is filed on the docket and becomes relevant to the judge's decision-making process must be publicly available absent a very strong reason to keep it private. See, *e.g.*, *Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records."). In its attempt to reconcile these lines of cases, the Court concludes that whether any particular interaction between the police and the citizenry is relevant to a case or controversy before the Court – and thus subject to public disclosure and scrutiny in the context of litgation – must be determined on a case-by-case (and even document-by-document) basis.

Another angle from which this issue can be approached is the procedure through which the information has been made available. In § 1983 cases, lawyers represent specific clients, not the public interest in general. Lawyers are not investigative reporters. What lawyers learn in a case generally is the result of the lawyers' use of the machinery of the federal discovery rules, not the Illinois FOIA or any other statutory or common law process. See, *e.g.*, *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("The basic purpose of FOIA is to ensure an informed citizenry, to check against corruption and to hold the government accountable. However, FOIA was not intended to function as a private discovery tool."). And what the lawyers request and obtain pursuant to the discovery process is not always germane to the case or to the Court's involvement in it. When CRs are produced in discovery that do not bear on the merits of a case – whether the reason is that the officers were not involved in the case, the complaints were unfounded, or any other reason – there is no strong public interest in the continued dissemination and/or disclosure of the information contained in them. Once it is determined that CRs do bear on the disposition of the case, however, the presumption shifts and the information in the CR can be filed in publicly available documents unless the court enters an order to the contrary, which rarely would be appropriate. And, as the language proposed by Defendants acknowledges, the "final outcome of cases in which discipline is imposed" is not considered confidential information and is subject to release in a manner consistent with the IFOIA once appropriate redactions have been made.