Exhibit D

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | | |
|---|---|---|
| Michael Saunders | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-cv-09158 |
| City of Chicago, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Attn: Lisa Meador, Assistance State's Attorney, 500 Richard J. Daley Center, Chicago, IL 60602

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Exhibit A attached.

| Place: Neufeld, Scheck & Brustin, LLP<br>99 Hudson Street, 8th Floor<br>New York, New York 10013 | Date and Time:<br>05/28/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 04/28/2014

CLERK OF COURT

_____    OR   _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Michael Saunders
_____ , who issues or requests this subpoena, are:

Alexandra Lampert, 99 Hudson Street, 8th Floor, New York, New York, 10013
(212) 965-9081, alexandra@nsbcivilrights.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 12-cv-09158

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Lisa Meador
was received by me on *(date)* 04/28/2014 .

☑ I served the subpoena by delivering a copy to the named person as follows: Lisa Meador agreed to accept service of this subpoena via email at Lisa.Meador@cookcountyil.gov

on *(date)* 04/28/2014 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 04/28/2014

*Rhianna Rey*
*Server's signature*

Rhianna Rey
*Printed name and title*

Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, NY 10013

*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Exhibit A

## Subpoena Rider – Cook County State's Attorney

1.  All State's Attorneys' Office orders, manuals, procedural guides, training materials, rules, policies, practices, memoranda, or any other document relating to the following subjects, in place from the earlier of January 1, 1985, or the date that Terence Johnson or Fabio Valentini joined the State's Attorneys' Office, to December 31, 2005:

    a.  Interviews, interrogations, and/or confessions in general, including the documentation of same;

    b.  Interviews, interrogations, and/or confessions of juvenile interviewees, arrestees, witnesses, or detainees, including documentation of the same;

    c.  Parental access to their minor children during State's Attorneys' Office interviews and/or interrogations;

    d.  Advising juvenile interviewees, arrestees, witnesses or detainees, of rights including rights specific to juveniles;

    e.  The roles, responsibilities, and relationship between the State's Attorneys' Office and Chicago Police Department during interviews, interrogations, and/or confessions in general, specifically including but not limited to the role of Felony Review attorneys, including documentation of the same;

    f.  The roles, responsibilities, and relationship between the State's Attorneys' Office and Chicago Police Department during interviews, interrogations, and/or confessions of juvenile interviewees, arrestees, or detainees, specifically including but not limited to the role of Felony Review attorneys, including documentation of the same;

    g.  The roles, responsibilities, and relationship between Felony Review attorneys and/or supervisors and youth officers during interviews, interrogations, and/or confessions of juvenile interviewees, arrestees, or detainees, specifically including but not limited to the role of Felony Review attorneys, including documentation of the same;

    h.  The roles and responsibilities of Felony Review supervisors, including deputy supervisors and head supervisors, in general, and specifically with respect to interviews, interrogations, and/or confessions in general, including documentation of the same;

    i.  The roles and responsibilities of Felony Review supervisors, including deputy supervisors and head supervisors, in general, and specifically with respect to interviews, interrogations, and/or confessions of juvenile interviewees, arrestees, or detainees, including documentation of the same;

1

    j. Arrests;

    k. Charging decisions;

    l. Motions to suppress a confession and/or any hearings thereon;

    m. State's Attorneys' Office procedures regarding allegations of unlawful arrest and/or of improper interviews, interrogations, and confessions; and

    n. Internal Affairs procedures regarding allegations of unlawful arrest and/or of improper interviews, interrogations, and confessions.

2. Any and all documentation reflecting training (formal or informal) held between the earlier of January 1, 1985, or the date that Terence Johnson or Fabio Valentini joined the State's Attorneys' Office, and December 31, 2005, for Felony Review states attorneys, or other states attorneys, including but not limited to training with respect to arrests, interviews, interrogations, and/or confessions, whether such training was conducted by the State's Attorneys' Office or any other individual, corporation, partnership, organization, or any other entity, including any materials used and/or distributed as part of such training.

3. Any and all lists, schedules, calendar entries, journal entries, room reservations, library and/or conference room reservations, or any other documentation electronically stored or written, announcing or documenting meetings that occurred between the earlier of January 1, 1985, or the date that Terence Johnson or Fabio Valentini joined the State's Attorneys' Office, and December 31, 2005, where the role, duties, workings, and experiences of the felony review attorney was discussed; this list to include formal and informal meetings; this list to include the name of the speaker and the attendees, and the topics covered.

4. To the extent not previously requested, all documents and materials relating to policies, practices, and procedures of the Cook County State's Attorney's Office in 1995 with regards to the Felony Review Unit, including without limitation all training materials for said unit.

5. Any and all documentation reflecting awards or recognition given to Felony Review States attorneys, with respect to interrogations, statements, and confessions, between the earlier of January 1, 1985, or the date that Terence Johnson or Fabio Valentini joined the State's Attorneys' Office, and December 31, 2005, including but not limited to any award or recognition given to former Assistant State's Attorney Terence Johnson and Assistant State's Attorney Fabio Valentini.

6. Any and all Felony Review Folders relating to the Nina Glover homicide investigation, including but not limited to the Felony Review Folder or Folders relating to the interrogations and prosecution of Michael Saunders, Harold Richardson, Vincent Thames, Terrill Swift, and Jerry Fincher.

7. Any and all Felony Review memos relating to the Nina Glover homicide investigation and resulting prosecutions, including but not limited to the Felony Review memos relating to the interrogations and prosecution of Michael Saunders, Harold Richardson, Vincent Thames, Terrill Swift, and Jerry Fincher.

8. Any and all PROMIS records relating to the Nina Glover homicide investigation and resulting prosecutions, including but not limited to PROMIS records relating to the interrogations and prosecution of Michael Saunders, Harold Richardson, Vincent Thames, Terrill Swift, and Jerry Fincher.

9. To the extent not previously requested, any and all records and documents in the possession, custody, or control of the State's Attorney's Office relating to the Nina Glover homicide investigation and resulting prosecutions.

10. Any and all records reflecting scheduling, staffing, assignments and hours worked, for all Felony Review states attorneys in Chicago, including supervisors, between November 1, 1994 to June 31, 1998.

11. All Felony Review dispatch logs from November 1, 1994 to June 31, 1998.

12. All documents and materials indicating the identity of the individual who was the head of Felony Review from November 1, 1994 to June 31, 1998.

13. All documents and materials indicating the identity of the individual who was the immediate supervisor of Terence Johnson and Fabio Valentini in March 1995.

14. All documents and materials reflecting the organizational structure of the Cook County State's Attorney's Office in or about 1995, including without limitation any and all organizational charts.

15. All documents and materials in or pertaining to Terence Johnson and Fabio Valentini's employment file, including without limitation all materials indicating Terence Johnson and Fabio Valentini's assignments while an employee of the Cook County State's Attorney's Office.

16. All handwritten and court-reported statements of arrestees/detainees taken by Terence Johnson and Fabio Valentini between January 1, 1990 and December 31, 2000.